STATE OF MAINE
CUMBERLAND, ss





SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-05-682

JOSEPHINE LAPLANTE-
MASKARINETZ,

Plaintiff

v.                                                                    ORDER

RICHARD COOK, et al

Defendants


Defendant Allstate's motion to dismiss is denied without prejudice to renewal once the Estate of defendant Cook has been made a party to this action and its position with respect to plaintiff's claim against the Estate is known. Defendant Allstate's motion for a separate trial is granted. Under Curtis v. Allstate Insurance Co., 2002 ME 9 ¶¶ 18-21, 787 A.2d 760, 765-66, Allstate is entitled to rely upon the provision of its policy that it is not obligated to make any payment for underinsured coverage until the limits of any policy maintained by the alleged tortfeasor are exhausted by settlement or judgment.

Plaintiff's suit against Allstate is therefore premature in some respects. Given the recognition in Greenvall v. Maine Mutual Fire Insurance Co., 1998 ME 204 ¶ 7, 715 A.2d 949, 952, that recovery against an alleged tortfeasor and underinsured insurance claims can be resolved in a single action, the court will not dismiss Allstate at this time. However, if Cook's insurer elects to defend the action, the court would then consider dismissing Allstate given its stipulation that it will abide by any determination of

liability that is made against the Estate of Cook so long as it does not result from collusion and is the product of an adversarial proceeding. In the alternative, there may be an argument for retaining Allstate on the common issue of damages.

In any event, Allstate's motion for separate trials is granted since the issue of insurance would not be admissible in any contested proceeding between plaintiff and the Estate of Cook.

Plaintiff's pending motion to amend the complaint is granted.

The entry shall be:

Allstate's motion to dismiss is denied without prejudice. Allstate's motion for separate trials is granted. Plaintiff's motion to amend is granted. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: April 28, 2006

_____
Thomas D. Warren
Justice, Superior Court

PETER CLIFFORD, ESQ.
56 PORTLAND ROAD
KENNEBUNK, ME 04043

Plaintiff

DEBORAH BUCCINA, ESQ.
PO BOX 7108
PORTLAND, ME 04112

Defendant
Allstate